FILED
 2007 Sep-17  PM 03:34
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MCLEOD COOK BEIERSDOERFER, MEADOWS, INC.**, a corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 2:07-CV-1395-VEH |
| **AUTO OWNERS INSURANCE COMPANY**, a corporation, **JOHN BARNETT**, an individual, and **GARY DAVIS**, an individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM OPINION**

### I.  Introduction

This case was originally filed on or about June 25, 2007, in the Circuit Court of Jefferson County by Plaintiff McLeod Cook Beiersdoerfer, Meadows, Inc. ("McLeod"). (Doc. #1 ¶ 1). Defendants Auto Owners Insurance Company ("Auto Owners"), John Barnett ("Barnett"), and Gary Davis ("Davis") removed this case to this court on June 27, 2007, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #1 at 1; *id.* ¶ 19). As part of their removal petition, Defendants

maintain that McLeod has fraudulently joined the individual defendants, Barnett and Davis.  (Doc. #1 ¶¶  7-8, 15).

Pending before the court is McLeod's Objection to Removal and Motion to Remand (Doc. #3) filed on August 23, 2007.  For the alternative reasons stated below, the court finds that it lacks subject matter jurisdiction, and accordingly, the case is due to be remanded.

## II.     Subject Matter Jurisdiction

### A.     General Rules Applicable to this Case

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted).  "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power."  *Id*. (internal citations omitted).  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act

without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil*, 313 U.S. at 108-09).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the limited exception of civil rights cases that have been removed - orders of remand by district courts are insulated from review. Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d); *see also Kirchner v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (holding that "where the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand.") (citing *Briscoe v. Bell*, 432 U.S. 404, 413-14 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.     Amount in controversy

Defendants premise their removal upon this court's diversity jurisdiction. (Doc. #1 ¶ 19). "However, when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is

$75,000. 28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211. In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court only finds that it cannot make an "informed assessment of the amount in controversy" because of the unspecified nature of McLeod's damages claim, the availability of only the bare pleadings, the fact that the maximum coverage available under the subject insurance policy is below the jurisdictional requisite, and the unsubstantiated assertion in Defendants' removal papers that the amount in controversy requirement has been satisfied simply because

McLeod also has asserted claims for bad faith and fraud.

More specifically, in their notice of removal, while acknowledging that the limit of the policy at issue only equals $50,000.00 (Doc. #1 ¶ 16), Defendants nevertheless maintain that "[b]ased upon the allegations of the complaint, the measure of damages available exceeds the jurisdictional minimum under the provisions of 28 U.S.C. § 1332." (Doc. #1 ¶ 17). McLeod's claims against Defendants include breach of contract; fraud; bad faith and failure to pay; negligent and wanton hiring, training, and supervision; and civil conspiracy. (*Id.* ¶¶ 10-14).

Under the Eleventh Circuit's *Lowery* opinion, these allegations, without more, are insufficient to support a conclusion that the amount in controversy requirement has been satisfied. "If the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* further explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that

"it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case.").

"[T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215.

Defendants' efforts to show that this case meets the amount in controversy requirement by citing to several Alabama bad faith verdicts in their Memorandum of Law are similarly unavailing to show amount in controversy due to their conclusive nature. (Doc. #1 at Ex. B at 9). For example, Defendants have not indicated the type of policy or the applicable limits at issue in these decisions nor made any other relevant factual comparisons. Such a generalized fashion to establish amount in controversy is inadequate under *Lowery*. "Though the defendant in a diversity case,

unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.  Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it.  Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally." *Lowery*, 483 F.2d at 1217.

Therefore, with nothing but the removal petition and the bare allegations of McLeod's complaint before it, the court concludes that there is not a sufficiently concrete basis for the exercise of removal jurisdiction premised upon diversity jurisdiction under 28 U.S.C. § 1332.  Accordingly, the case is due to be remanded to the Circuit Court of Jefferson County for lack of subject matter jurisdiction.

### III.   Conclusion

For the reasons set out above this court concludes that it lacks subject matter jurisdiction, and that the case is due to be remanded.  Therefore, an order will be entered remanding the case to the Circuit Court of Jefferson County.  As a result of this ruling, the court does not reach the substance of McLeod's Motion to Remand (Doc. #3) and, therefore, that particular motion is moot.

**DONE** and **ORDERED** this the 17th day of September, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge